IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jared Hendrix, Retire Congress North Dakota, Liberty Initiative Fund, Trenton Pool, Accelevate 2020, LLC, | ) ) ) ) |
| Plaintiffs, | ) **ORDER DENYING PLAINTIFFS'** |
| | ) **MOTION FOR TEMPORARY** |
| vs. | ) **RESTRAINING ORDER** |
| | ) |
| Michael Howe, in his official capacity as the Secretary of State of North Dakota, and Drew Wrigley, in his official capacity as the Attorney General of the State of North Dakota, | ) ) ) ) ) Case No. 1:23-cv-185 |
| | ) |
| Defendants. | ) |

_____

Before the Court is the Plaintiffs' motion for temporary restraining order filed on October 3, 2023.  See Doc. No. 7.  The Plaintiffs seek a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, enjoining the Defendants from enforcing several provisions of North Dakota law which require initiated measures to be circulated by qualified electors and providing for criminal penalties for those who violate the provisions.  See Doc. No. 7.  The Defendants filed a response in opposition to the motion on October 4, 2023.  See Doc. No. 10.  The Plaintiffs filed a reply brief on October 5, 2023.  See Doc. No. 11.  For the reasons set forth below, the motion for a temporary restraining order is denied.

On September 22, 2023, the Plaintiffs filed a complaint for declaratory and injunctive relief against the Defendants and asserting claims under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments.  See Doc. No. 1.  The Plaintiffs contend Article III, Sections 3 and 9 of the North Dakota Constitution and Sections 16.1-01.09(3), 16.1-01-12(1)(i) and (2)(a) of the North Dakota Century Code violate their constitutional rights to the extent they demand initiative petitions

only be circulated by qualified North Dakota electors on pain of criminal penalty. On October 3, 2023, the Plaintiffs filed motions for an ex parte temporary restraining order and for a preliminary injunction. See Doc No. 7.

Rule 65(b) of the Federal Rules of Civil Procedure, in relevant part, provides as follows:

**(b) Temporary Restraining Order.**

**(1)** *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

**(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

**(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Rule 65(b) requires the court to look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. The court determines whether the movant has met its burden of proof by weighing the factors set forth in *Dataphase Systems, Inc., v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The *Dataphase* factors include "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)); see CDI Energy Servs., Inc. v. W. River Pumps, Inc., 567 F.3d 398, 401-03 (8th Cir. 2009). The balance of harms and public interest factors merge when the government is the opposing party. Nken v.

Holder, 556 U.S. 418, 435 (2009). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). A plaintiff seeking an "injunction[ ] against the enforcement of statutes and regulations" must "show that it is more likely than not to prevail," a higher standard than the typical "fair chance" requirement, as statutes and regulations "are entitled to a higher degree of deference and should not be enjoined lightly." Sleep No. Corp. v. Young, 33 F.4th 1012, 1016 (8th Cir. 2022) (internal quotations omitted).

In this case, it appears binding legal precedent from the Eighth Circuit Court of Appeals will make it difficult for the Plaintiffs to succeed on the merits. Initiative & Referendum Inst. v. Jaeger, 241 F.3d 614, 618 (8th Cir. 2001) (holding "there are no constitutional infirmities with the North Dakota laws requiring petition circulators to be state residents"). That being said, the Court will not prejudge the matter. Full briefing and a hearing are necessary before the Court can make a definitive ruling. A temporary restraining order is an extraordinary remedy. See Zidon v. Pickrell, 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004) ("A temporary restraining order is an extraordinary and drastic remedy to be issued only in exceptional circumstances."). The Court finds exceptional circumstances are not present in this case and a temporary restraining order is unwarranted.

Accordingly, the Plaintiffs' motion for a temporary restraining order (Doc. No. 7) is **DENIED**. The request for a preliminary injunction will be addressed in due course and after the Defendants have had an opportunity to respond and a hearing can be held.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2023.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court