IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

Case No: 1:23-cv-00185-DLH-CRH

| | |
|---|---|
| JARED HENDRIX; RETIRE CONGRESS NORTH DAKOTA; LIBERTY INITIATIVE FUND; TRENTON POOL; and ACCELEVATE 2020, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL HOWE, in his official capacity as Secretary of State of North Dakota; and DREW WRIGLEY, in his official capacity as The Attorney General of the State of North Dakota,<br><br>Defendants. | **ANSWER** |

\*\*\*                           \*\*\*                           \*\*\*

[¶ 1]   COMES NOW, Defendants Michael Howe in his official capacity as Secretary of State of North Dakota and Drew Wrigley in his official capacity as The Attorney General of State of North Dakota (collectively "Defendants") for their Answer to Plaintiffs' Complaint, hereby state and allege as follows:

[¶ 2]   Paragraph 1 of the Complaint is a statement of the assertions being made which requires no factual response. Defendants affirmatively assert the challenged provisions are constitutional and deny Plaintiffs are entitled to any relief.

[¶ 3]   Defendants deny the allegations in paragraphs 2, 3, 4, 5, and 7 of the Complaint.

[¶ 4]   The allegations in paragraphs 6, 8, and 10 of the Complaint are assertions of law, which require no response. To the extent a response is required, Defendants deny the allegations

- 1 -

- 2 -

to the extent they differ from the applicable legal precedent. Defendants assert the challenged provisions have been declared constitutional in Initiative & Referendum Institute v. Jaeger, 241 F.3d 614 (8th Cir. 2001), and to the extent the challenged provisions burden any constitutional rights (if at all), the challenged provisions are constitutional under any applicable level of scrutiny.

[¶ 5]   Defendants are without sufficient knowledge or information to either admit or deny, and therefore deny, the allegations in paragraph 9 of the Complaint.

[¶ 6]   With respect the allegations in paragraph 11 of the Complaint, Defendants deny the challenged provisions do what Plaintiffs allege.

## JURISDICTION AND VENUE

[¶ 7]   Paragraphs 12 and 13 of the Complaint are statements of law which require no response.

## PARTIES

[¶ 8]   With respect to the allegations in paragraph 14 of the Complaint, Defendants admit Plaintiff Retire Congress North Dakota is an Initiated Petition Sponsoring Committee registered under the laws of North Dakota with the stated purpose of circulating a petition for the Initiative. Defendants admit the Plaintiffs are prohibited from allowing persons who do not meet the requirements of law to circulate petitions, but deny the law prevents conduct as broad as alleged. Defendants are without sufficient knowledge or information to either admit or deny, and therefore deny, the remaining allegations in paragraph 14 of the Complaint.

[¶ 9]   To the best of the Defendants' knowledge and information, Defendants admit the allegations in paragraph 15 of the Complaint.

[¶ 10]  Defendants are without sufficient knowledge or information to either admit or deny, and therefore deny, the allegations in paragraphs 16, 17, and 18 of the Complaint.

[¶ 11]  Defendants admit the allegations in paragraphs 19 and 20 of the Complaint.

## RELEVANT FACTUAL ALLEGATIONS

[¶ 12]  With respect to the allegations in paragraph 21 of the Complaint, Defendants reassert and reallege all prior allegations and denials from each preceding paragraph as if set forth fully herein.

[¶ 13]  With respect to the allegations in paragraphs 22, 23, and 24 of the Complaint, the allegations are statements of law which require no response.  Defendants assert Article III of the North Dakota Constitution speaks for itself and deny the allegations to the extent they are inconsistent or differ in any way from the express language used in the North Dakota Constitution.

[¶ 14]  With respect to the allegations in paragraphs 25, 26, and 27 of the Complaint, the allegations are statements of law which require no response.  Defendants assert the statutes speak for themselves and deny the allegations to the extent they are inconsistent or differ in any way from the express language used in the statutes.

[¶ 15]  Defendants admit the allegations in paragraph 28 of the Complaint.

[¶ 16]  Defendants are without sufficient knowledge or information to either admit or deny, and therefore deny, the allegations in paragraph 29 of the Complaint.

[¶ 17]  Defendants admit the allegations in paragraph 30 of the Complaint insofar as 31,164 valid signatures must be submitted in order for the Initiative to be placed on a ballot.  If the required number of valid signatures are submitted prior to midnight on February 12, 2024,

the Initiative would qualify to be placed on the 2024 Primary Election ballot. If the required number of valid signatures are submitted prior to midnight on July 8, 2024, the Initiative would qualify to be placed on the 2024 General Election Ballot. If the required number of valid signatures are submitted prior to midnight on July 21, 2024, the Initiative would qualify to be placed on the next statewide election ballot.

[¶ 18] With respect to the allegations in paragraph 31 of the Complaint, Defendants admit the usual and recommended practice is to submit more than the bare minimum of signatures in the event signatures are invalid.

[¶ 19] Defendants are without sufficient knowledge or information to either admit or deny, and therefore deny, the allegations in paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50 of the Complaint.

[¶ 20] Defendants are without sufficient knowledge or information to either admit or deny, and therefore deny, the allegations in paragraphs 51, 52, and 53 of the Complaint. Defendants specifically deny the allegations to the extent they allege the challenged provisions prevent out-of-state residents from communicating with voters/potential petition signors or otherwise prevent engaging in political speech.

[¶ 21] The allegations in paragraphs 54 and 58 of the Complaint are assertions of law, which require no response. To the extent a response is required, Defendants deny the allegations to the extent they differ from the applicable legal precedent. Defendants assert the challenged provisions have been declared constitutional in Initiative & Referendum Institute v. Jaeger, 241 F.3d 614 (8th Cir. 2001), and to the extent the challenged provisions burden any constitutional rights (if at all), the challenged provisions are constitutional under any applicable level of

scrutiny.

[¶ 22] Defendants deny the allegations in paragraphs 55, 56, 57, 59, and 60 of the Complaint.

[¶ 23] Defendants admit the allegations in paragraph 61 of the Complaint.

[¶ 24] Defendants are without sufficient knowledge or information to either admit or deny, and therefore deny, the allegations in paragraphs 62, 63, 64, and 66 of the Complaint.

[¶ 25] Defendants deny the allegations in paragraph 65, 67, 68, 69, 70, 72, and 73 of the Complaint.

[¶ 26] With respect to the allegations in paragraph 71 of the Complaint, Defendants admit the challenged provisions do not apply to the circulation of candidate provisions, which are regulated by other provisions of the law, which speak for themselves.

### COUNT I
(Facial Challenge Under the First and Fourteenth
Amendment to the United States Constitution)

[¶ 27] With respect to the allegations in paragraph 74 of the Complaint, Defendants reassert and reallege each preceding paragraph as if set forth fully herein.

[¶ 28] The allegations in paragraphs 75 and 76 of the Complaint are assertions of law, which require no response. To the extent a response is required, Defendants deny the allegations to the extent they differ from the applicable legal precedent. Defendants assert the challenged provisions have been declared constitutional in Initiative & Referendum Institute v. Jaeger, 241 F.3d 614 (8th Cir. 2001), and to the extent the challenged provisions burden any constitutional rights (if at all), the challenged provisions are constitutional under any applicable level of scrutiny.

[¶ 29]  Defendants deny the allegations in paragraphs 77, 78, 79, 80, and 81 of the Complaint.

## COUNT II
(As Applied Challenge Under the First and Fourteenth
Amendments to the United States Constitution)

[¶ 30]  With respect to the allegations in paragraph 82 of the Complaint, Defendants reassert and reallege each preceding paragraph as if set forth fully herein.

[¶ 31]  The allegations in paragraphs 83 and 84 of the Complaint are assertions of law, which require no response.  To the extent a response is required, Defendants deny the allegations to the extent they differ from the applicable legal precedent.  Defendants assert the challenged provisions have been declared constitutional in Initiative & Referendum Institute v. Jaeger, 241 F.3d 614 (8th Cir. 2001), and to the extent the challenged provisions burden any constitutional rights (if at all), the challenged provisions are constitutional under any applicable level of scrutiny.

[¶ 32]  Defendants deny the allegations in paragraphs 85, 86, 87, 88, and 89 of the Complaint.

## PLAINTIFFS' REQUEST FOR RELIEF

[¶ 33]  Defendants deny Plaintiffs are entitled to the relief requested in the Complaint, or any other relief.

## AFFIRMATIVE DEFENSES

[¶ 34]  Defendants reassert and reallege each preceding paragraph as if set forth fully herein.

[¶ 35]  Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

[¶ 36] All or some of Plaintiffs lack standing.

[¶ 37] All or some of Plaintiffs' claims are barred by waiver, estoppel, laches, or are otherwise time-barred.

[¶ 38] Defendants assert the allegations in the Complaint may be barred by any or all defenses and affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which the Complaint may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until there has been further discovery. Defendants therefore incorporates all such defenses and affirmative defenses set forth in Rules 8 and 12.

[¶ 39] **Wherefore**, Defendants request judgment dismissing the Complaint in its entirety with prejudice; Defendants be awarded costs, disbursements, and attorneys' fees to the extent available under the applicable law; and any other just and equitable relief under the circumstances.

Dated this 18th day of October, 2023.

By /s/ Mitchell D. Armstrong
Mitchell D. Armstrong (Bar ID #05892)
marmstrong@smithporsborg.com
Special Assistant Attorney General
122 East Broadway Avenue
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630

Attorney for Defendants Michael Howe, in his official capacity as Secretary of State of North Dakota; and Drew Wrigley, in his official capacity as The Attorney General of the State of North Dakota

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2023, a true and correct copy of the foregoing **ANSWER** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Paul A Rossi, Esq.                                        paul-rossi@comcast.net
Attorney at Law
316 Hill Street
Suite 1020
Mountville, PA 17554


                                        By */s/ Mitchell D. Armstrong*
                                              MITCHELL D. ARMSTRONG